OPINION *Page 2 
{¶ 1} Defendant-appellant Maurice J. Howard appeals his conviction in the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On June 27, 2006, Appellant was indicted by the Delaware County Grand Jury. Count one of the indictment alleged Appellant aided and abetted another person in committing identity fraud, in violation of R.C. 2913.49(C), a felony of the second degree, in conjunction with Billy Drew, Dewitt Martin, Margo Floyd, Alyce M. McFadden and David L. Melton, further specifying Appellant's conduct was part of a course of conduct involving other violations and more than one victim and the value obtained exceeded $5000. Count two of the indictment alleged Appellant committed identity fraud, in violation of R.C. 2913.49(B), a felony of the fifth degree, in conjunction with the same persons. Count three alleged Appellant committed theft, in violation of R.C.2913.02(A)(3), a felony of the fifth degree, in conjunction with Billy Drew. Count four alleged Appellant engaged in a conspiracy, in violation of R.C. 2923.01(A)(2), a felony of the second degree, in conjunction with Billy Drew, Dewitt Martin, Margo Floyd, Alyce M. McFadden and David L. Melton. Count five of the indictment alleged Appellant engaged in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a felony of the first degree, in conjunction with the above named persons.
 {¶ 3} The indictment alleged Appellant resided with Margo Floyd and Ms. Floyd illegally obtained the personal information of Mr. Harold Distelzweig from the medical office in which she was employed. The indictment further alleged Appellant used the information illegally obtained to produce fraudulent driver's licenses with Mr. *Page 3 
Distelzweig's name and identifying information and Mr. Billy Drew's picture. Appellant and Drew then used the driver's license to obtain instant credit at stores throughout the Columbus, Ohio area, purchasing a large quantity of merchandise, including a plasma television from the Sears store located at Polaris Fashion Place.
 {¶ 4} The indictment alleged Appellant made additional driver's licenses with other individual's personal identifying information for David Melton and Alyce McFadden, which they utilized to pass fraudulent checks.
 {¶ 5} On July 31, 2006, the State moved the trial court to amend the indictment. On August 1, 2006, appellant filed a motion to dismiss the specification on count one and count four of the indictment. On August 15, 2006, the trial court, via Judgment Entry, denied Appellant's motion and ordered the State to file a supplemental Bill of Particulars.
 {¶ 6} On August 16, 2006, the State moved the trial court to dismiss counts two, four and five of the indictment. The trial court granted the State's motion.
 {¶ 7} On August 29, 2006, prior to the commencement of trial, the State again moved the court to amend the indictment and filed an Evidence Rule 614(A) motion. Appellant subsequently filed a motion to exclude the introduction of evidence of convictions more than ten years old. The trial court granted the State's motion, and denied Appellant's motion to exclude the evidence.
 {¶ 8} On August 31, 2006, the jury returned a verdict finding Appellant guilty as to counts one and three of the indictment, as amended. The trial court sentenced Appellant to six years imprisonment as to count one and twelve months as to count three, with the terms to run concurrently. *Page 4 
 {¶ 9} Appellant now appeals, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE OF OHIO TO AMEND THE INDICTMENT TO STRIKE THE NAMES OF DEWITT MARTIN, ALYCE MCFADDEN, AND DAVID MELTON ON THE MORNING OF TRIAL.
 {¶ 11} "II. THE TRIAL COURT ERRED IN NOT GRANTING MR. HOWARD'S REQUESTS FOR GRAND JURY TRANSCRIPTS.
 {¶ 12} "III. THE CONDUCT OF THE PROSECUTING ATTORNEY PRIOR TO AND DURING THE TRIAL DEPRIVED MR. HOWARD OF A FAIR TRIAL.
 {¶ 13} "IV. THE TRIAL COURT ERRED IN DENYING MR. HOWARD'S REQUEST FOR THE ACCOMPLICE JURY INSTRUCTION REGARDING MS. MCFADDEN'S TESTIMONY."
 I, II {¶ 14} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 15} Appellant argues the trial court erred in granting the State's motion to amend the indictment, striking the names of Dewitt Martin, Alyce McFadden and David Melton from the indictment on the morning of trial.
 {¶ 16} Criminal Rule 7(D) governs the trial court's amendment of an indictment:
 {¶ 17} "(D) Amendment of indictment, information, or complaint
 {¶ 18} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in thename or identity of the crime charged. If any *Page 5 
amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefore is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted."
 {¶ 19} Specifically, Appellant asserts the trial court amended the name or identity of the crime charged, as Appellant was charged in count one with aiding and abetting "another person." Appellant concludes he was convicted of a charge different than that charged by the grand jury when the indictment was amended by removing some of the names of the individuals Appellant aided or abetted.
 {¶ 20} We disagree. If an amendment does not change the name, penalty or degree of an offense, then the name and identity of the crime remain he same. State v. O'Brien (1987), 30 Ohio St.3d 122. While the charged offense requires the State to prove Appellant aided or abetted "another person", the identity of the person is not an *Page 6 
essential element of the charge. Amending the indictment and removing the names of some of the individuals Appellant aided or abetted did not change the charge alleged in the indictment.
 {¶ 21} Appellant further argues he was of the understanding those persons would testify against him at trial, and he would be afforded the opportunity to question them on their involvement in the conspiracy.
 {¶ 22} Upon review, Appellant was not prejudiced by the amendment to the indictment, as Appellant was free to subpoena the witnesses himself and to argue the individuals committed the act themselves. Appellant was not forced to defend against new allegations, and was not prevented from presenting his defense; accordingly, no prejudice resulted in the amendment of the indictment
 {¶ 23} Appellant moved the trial court for disclosure of the grand jury testimony, which the trial court denied.
 {¶ 24} Ohio Criminal Rule 6(E), provides:
 {¶ 25} "(E) Secrecy of proceedings and disclosure
 {¶ 26} "Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties. A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the *Page 7 
defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No grand juror, officer of the court, or other person shall disclose that an indictment has been found against a person before such indictment is filed and the case docketed. The court may direct that an indictment shall be kept secret until the defendant is in custody or has been released pursuant to Rule 46. In that event the clerk shall seal the indictment, the indictment shall not be docketed by name until after the apprehension of the accused, and no person shall disclose the finding of the indictment except when necessary for the issuance of a warrant or summons. No obligation of secrecy may be imposed upon any person except in accordance with this rule."
 {¶ 27} Grand jury testimony is secret by nature, and will remain such, absent a showing by the defendant of a particularized need which outweighs the need for secrecy. State v. Greer (1981),66 Ohio St.2d 139. A particularized need exists when the circumstances show a probability the accused will be denied a fair trial without the grand jury testimony. State v. Davis (1988), 38 Ohio St.3d 361. A trial court has discretion to decide when a particularized need exists, and thus will not be reversed absent an abuse of discretion. State v. Greer, supra.
 {¶ 28} Appellant did not demonstrate a particularized need for disclosure of the grand jury testimony, and he did not show grounds for a motion to dismiss the indictment based upon matters occurring before the grand jury. The trial court did not abuse its discretion in denying access to the grand jury transcripts when the Appellant merely speculated the testimony may contain material evidence, or might have aided his cross-examination by revealing contradictions. *Page 8 
 {¶ 29} Appellant's first and second assignments of error are overruled.
 III. {¶ 30} In the third assignment of error, Appellant asserts prosecutorial misconduct prior to and during the course of trial.
 {¶ 31} Specifically, Appellant cites the State's failure to respond to his request for intention to use evidence, despite a court order to do so, and the State's failure to file an additional bill of particulars as ordered by the court. Appellant further argues the State delayed amending the indictment until the commencement of trial. Appellant argues the State did not produce evidence relative to two of his prior convictions until trial, resulting in his being unduly surprised at trial.
 {¶ 32} Upon our review of the record, Appellant has not demonstrated actual prejudice resulting from the State's action, or that the outcome of the trial would have been different, but for the alleged delay.
 {¶ 33} Finally, appellant cites statements made by the prosecutor during closing arguments:
 {¶ 34} "* * * If you all want to go in the jury room and render your verdict and then go home tonight and talk about it at the dinner table where the money went, you can do that. But it's not an appropriate topic for that jury room, because that's not what the law is. The most plausible explanation that you've heard from the evidence about where all this money went is that Mr. Howard and all of his crack-head friends, smoked it all up. That's the most plausible explanation, but we can't tell you for certain what happened to the money in this case, but we don't have to prove that.
 {¶ 35} "* * * *Page 9 
 {¶ 36} "* * * You saw him do it. The defendant, Maurice Howard, he was the one on the video; he admitted he was there; he told a concocted story of how he came to be there, but you saw him on there, loading that TV in the back of that Lincoln.
 {¶ 37} "* * *
 {¶ 38} "* * * I got to confess, I got a little confused because he told us a couple of times, and I'm not sure if it was the same either time, but she called him and the alarm was going off and the window is broken, and he starts going that way.
 {¶ 39} "* * *
 {¶ 40} "He didn't sign anything; he kept back a little bit. But there were two things in this case that Maurice Howard didn't count on. Number one, was the Sears surveillance video, catching him in the act of stealing that television, which you got to see. And he couldn't lie his way out of that. He lied those aren't my way out of all 20 other stores that they went into. No, I wasn't in any of those. He even tried to lie his way out of Sears. Then he remembered he was on tape there. He can't lie those aren't my way out of being in Sears. So he's got to make up some concocted story that doesn't fit any of the timing or anything else in this case.
 {¶ 41} " * * *
 {¶ 42} "Mr. Yost: * * * Talking about state of mind. If you look at that video, ladies and gentlemen, Mr. Drew and Mr. Howard, nervous as a long-tailed cat in a room full of rocking chairs. Kept looking over their shoulder, kept going in and out of the glass doors. Remember that? Open, close, open, close, walk out, look around, come back in. What were they so nervous about? Signs of a guilty conscience. Continued out in the parking lot and Maurice Howard tells you he's there, helping load a TV. I don't see any *Page 10 
help here. I see a male with a guilty conscience, looking over his shoulder to see if anybody is coming out of that store to come and get him.
 {¶ 43} Tr. at 492-493; 501; 506; 513; 523.
 {¶ 44} Appellant concludes the cumulative statements made by the prosecutor resulted in his being deprived of his right to a fair trial.
 {¶ 45} On review for a claim of prosecutorial misconduct, we must determine whether the prosecutor's alleged misconduct was so egregious the defendant was denied his fundamental right to a fair trial.State v. Iocona (2001), 93 Ohio St.3d 83. Here, the prosecutor's conduct was not such that Appellant was deprived of a fair trial.
 {¶ 46} The test regarding prosecutorial misconduct in closing arguments is whether the remarks are improper and, if so, whether they prejudicially affected the substantive rights of the accused. State v.Moore (1998), 81 Ohio St.3d 22. Here, assuming arguendo the remarks cited above were improper,[1] Appellant has not demonstrated prejudice affecting his substantive rights. A trial will not be deemed unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have found the defendant guilty even without the improper comments. State v. Tenace (2006), 109 Ohio St.3d 255. The touchstone is the fairness of the trial, not the culpability of the prosecutor. Id.
 {¶ 47} Appellant's failure to object to the remarks made during closing arguments waives all but plain error. Plain error does not exist unless it can be shown, but for the error, the outcome of the trial would have been otherwise. *Page 11 
 {¶ 48} In the case sub judice, Appellant has not demonstrated, but for the alleged improper remarks made by the prosecutor, the outcome of the trial would have been different.
 {¶ 49} The third assignment of error is overruled.
 IV. {¶ 50} In the fourth assignment of error, Appellant asserts the trial court erred in denying his request for an instruction on accomplice testimony.
 {¶ 51} Ohio Revised Code Section 2923.03(D) provides:
 {¶ 52} "If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 53} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 54} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 {¶ 55} Appellant asserts the trial court erred in not instructing the jury as to Alyce McFadden's complicity in the charges as an accomplice. McFadden was originally charged in the indictment as an accomplice to counts one, two, four and five. As stated *Page 12 
above, counts two, four and five were dismissed prior to trial. Count one was amended the day of trial, deleting McFadden as an accomplice.
 {¶ 56} The Tenth District Court of Appeals addressed this issue inState v. Sillett 2002-Ohio-2596, holding,
 {¶ 57} "Appellant claims that because Joiner was an alleged accomplice, the trial court was required to instruct the jury pursuant to R.C. 2923.03(D). However, this court has previously held that the above instruction is not required when the witness is not charged with complicity as a result of involvement with the defendant's criminal activities. State v. Royce (Dec. 27, 1993), Madison App. Nos. CA92-09-023, CA92-09-024, CA92-09-025, CA92-09-026. Likewise, several other appellate courts have determined that the requirement that this instruction be given is not applicable unless the witness has been indicted. State v. Gillard (Mar. 3, 2000), Erie App. Nos. E-97-132, E-98-038; State v. Howard, Marion App. No. 9-99-12, 1999 Ohio 848;State v. Goodwin, Mahoning App. No. 99-CA-220, 2001-Ohio-3416; State v.Hinkle (Aug. 23, 1996), Portage App. No. 95-P-0069; State v. Lordi,140 Ohio App.3d 561, 572, 2000-Ohio-2582, ¶ 41. The rationale behind these rulings is based on the Ohio Supreme Court's definition of an accomplice. In State v. Wickline (1990), 50 Ohio St.3d 114, 118, 552 N.E.2d 913, the Court held that "at the very least, an accomplice must be a person indicted for the crime of complicity."
 {¶ 58} "Appellant argues that the reasoning of cases relying on theWickline definition of accomplice is faulty because theWickline court was addressing the definition of "accomplice" in the context of the former version of R.C. 2923.03(D). Previously, R.C.2923.03(D) required that the testimony of accomplices be *Page 13 
corroborated. State v. Evans (1992), 63 Ohio St.3d 231, 240-41, 586 N.E.2d 1042. The statute was amended to its current form on September 17, 1986, replacing the corroboration requirement with a requirement that a cautionary jury instruction be given when accomplice testimony is presented. Id. We find no reason to distinguish the Ohio Supreme Court's definition of "accomplice" in one instance from that in the present case. Both the former and the current statute deal with issues surrounding the reliability of accomplice testimony. A new definition of "accomplice" is not required simply because the legislature chose to replace the corroboration requirement with a cautionary instruction.
 {¶ 59} "Appellant urges us to adopt a standard that considers whether a witness "could" have been indicted as an accomplice. However, we find this standard too broad. The purpose of the cautionary instruction requirement is to ensure that juries are informed that the testimony of an accomplice is inherently suspect because an accomplice is likely to have a motive to conceal the truth or otherwise falsely inculpate the defendant. State v. Santine (June 26, 1998), Ashtabula App. No. 97-A-0025. We recognize that there may be rare instances in which a person who may be an accomplice is not indicted for a crime, but has motivation to lie or conceal the truth in return for their testimony. For example, an accomplice may be offered immunity in exchange for testimony and never be indicted for the crime. In such cases, there is reason for the witness' testimony to be viewed with the same suspicion as that of an indicted accomplice. See Id.
 {¶ 60} "However, the case at bar presents neither scenario. Joiner was not indicted for complicity, nor was any evidence presented to show that she received any *Page 14 
type of favorable treatment in exchange for testifying against appellant. The trial court was not required to give the cautionary instruction to the jury.
 {¶ 61} "In addition, a review of the record reveals that appellant's counsel thoroughly cross-examined Joiner regarding issues reflecting on her credibility, including her relationship with appellant, her connection with the Heltons, her prior theft convictions, and her drug abuse. The trial court also instructed the jury on the issue of witness credibility, including an instruction regarding the interest of a witness. As part of this instruction, the court cautioned the jury that `if a witness has a personal, philosophical or financial interest in the outcome of a case, that fact can be considered in determining the weight to be given to that witness' testimony.' Based on our review of the trial transcript, we cannot say that the outcome of the trial would have been different if the cautionary accomplice instruction had been given."
 {¶ 62} Similar to Sillett the trial court in the case sub judice did not err in refusing to instruct the jury as requested by Appellant. A review of the record demonstrates McFadden was not charged in the indictment as an accomplice on the related counts. Further, the trial court instructed the jury as to the issue of witness credibility. Finally, appellant's counsel was given the opportunity to cross-examine McFadden on the issues reflecting her credibility. Accordingly, the assignment of error is overruled. *Page 15 
 {¶ 63} For the reasons stated above, Appellant's conviction in the Delaware County Court of Common Pleas is affirmed.
 By: Hoffman, J. Gwin, P.J. and Edwards, J. concur *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We find the prosecutor's speculative comment Appellant and his crack-head friends smoked up all the money was improper. *Page 1